# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | |
|---|---|
| **CALVIN WIGGINS**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 17 C 1352 |
| | ) |
| **LAKE COUNTY SHERIFF'S DEPT.**, et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM OPINION AND ORDER

Pro se prisoner plaintiff Calvin Wiggins ("Wiggins") has utilized the Clerk's-Office-supplied form of "Complaint Under the Civil Rights Act, Title 42 Section 1983" to sue the Lake County Sheriff's Department and three of its officers, asserting that he was subjected to an adverse condition of confinement while he was in custody at the Lake County Jail (he is now confined at the Vandalia Correctional Center. Wiggins alleges that he was forced to sleep on the floor in a holding cell near a hole that was used as a toilet. Wiggins further states that he has a back condition that was aggravated by sleeping on the floor.

But Wiggins must address a threshold issue before it can be determined whether this action can proceed: 42 U.S.C. § 1997e(a) ("Section 1997e(a)") forbids the institution of prisoner litigation until exhaustion of a facility's administrative remedies has been completed. Although failure to exhaust is an affirmative defense (Jones v. Bock, 549 U.S. 199, 215-16 (2007)), the inevitability of its assertion by every governmental defense counsel confirms the common sense of a District Court's up-front inquiry into the subject.

Here Wiggins asserts that he has exhausted administrative remedies by submitting a grievance on December 24, 2016 and then filing an appeal after receiving a response on

January 12, 2017. But that bang-bang description, coupled with this Court's knowledge that administrative review in prison systems entails more than a one-level consideration,[1] raises a serious question as to whether Wiggins has fully exhausted administrative remedies so as to satisfy Section 1997e(a). That question may easily be resolved by his providing this Court with copies of his grievance, his appeal and the responses he received to both. Any failure to do so on or before March 24, 2017 will result in the dismissal of this action.

Finally, this Court does not now address Wiggins' other Clerk's-Office-suppled forms: In Forma Pauperis Application and Motion for Attorney Representation. It is however contemporaneously requesting from prison authorities the additional information about Wiggins' trust fund account transactions to cover the entire six-month period ending with the date of "filing" his Complaint as defined by the Houston v. Lack, 487 U.S. 266 (1988) "mailbox rule" -- information called for by 28 U.S.C. § 1915(a)(2).

_____
Milton I. Shadur
Senior United States District Judge

Date: March 2, 2017

---

[1] Under Lake County Jail's grievance procedures, an inmate must file a grievance, receive a response, then file an appeal and receive a response. That responsive decision by the jail's Chief of Corrections (or his or her designee) addressing an inmate's appeal is final and ends the grievance process.