**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| **CALVIN WIGGINS**, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 17 C 1352 |
| | ) | |
| **LAKE COUNTY SHERIFF'S DEPT.**, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This Court has previously issued a March 2, 2017 memorandum opinion and order ("Order I"), followed by a March 6 memorandum order ("Order II"), each of which addressed the pro se filing by prisoner plaintiff Calvin Wiggins ("Wiggins") of a "Complaint Under the Civil Rights Act, Title 42 Section 1983," in which Wiggins claims a violation of his constitutional rights by Lake County Sheriff Mark Curran and two other Sheriff's Office employees while Wiggins was in custody at the Lake County Jail last (Wiggins has since been transferred to the Vandalia Correctional Center ("Vandalia")). Although Order II granted Wiggins' motion for leave to proceed in forma pauperis on the special basis provided for prisoner plaintiffs under 28 U.S.C. § 1915 ("Section 1915"), Wiggins had not then addressed the exhaustion of administrative remedies mandated by 42 U.S.C. § 1997e(a) ("Section 1997e(a)") before any prisoner litigation may be entertained.

Now Wiggins has responded to Order II by filing papers dealing with that issue (Dkt. No. 9, received in the Clerk's Office on March 20). As this memorandum order will

explain, Wiggins' current submission suffices to enable his lawsuit to go forward.[1]

As to the Section 1997e(a) requirement, this Court has been given to understand that the exhaustion of remedies involved in claims targeting the Lake County Sheriff's Office calls for the filing of an inmate grievance and the inmate's receipt of a response to that grievance, followed by the inmate's appeal and a response to that appeal. In this instance Dkt. No. 9 reflects that all of those steps have been taken, so that this Court can turn to Wiggins' earlier-filed motion for attorney representation (Dkt. No. 4). And because that motion is appropriately supported, this Court has obtained the name of this member of the District Court's trial bar who is designated to represent Wiggins:

> Thomas Douglas Lupo, Esq.
> Hinshaw & Culbertson, L.L.P.
> 222 North LaSalle Street
> Suite 300
> Chicago, Illinois 60601
> Telephone: 312-704-3138
> E-mail: tlupo@hinshawlaw.com.

With counsel now in the case, this Court is contemporaneously setting a status hearing to be held at 9 a.m. June 8, 2017. In the meantime attorney Lupo is ordered (1) to confer with Wiggins at an early date (that may be done telephonically if the appropriate privacy is afforded to their attorney-client communication), (2) to arrange for service of process on defendants through the United States Marshals Service (see Section 1915(d)) and (3) to consider

---

[1] No finding is either made or implied here as to the viability or nonviability of Wiggins' claim in substantive terms. That question remains for future consideration.

whether the case should proceed on the basis of Wiggins' pro se Complaint or whether the filing of an Amended Complaint appears to be the better course.

_____
Milton I. Shadur
Senior United States District Judge

Date: April 6, 2017