IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| **CALVIN WIGGINS**, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 17 C 1352 |
| ) | |
| **LAKE COUNTY SHERIFF'S DEPT.**, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM ORDER

Thomas Lupo ("Lupo") of the Hinshaw & Culbertson LLP law firm has moved to withdraw as the designated counsel for prisoner plaintiff Calvin Wiggins ("Wiggins") in this action in which Wiggins seeks to invoke 42 U.S.C. § 1983 ("Section 1983"). Lupo acknowledges that neither he nor his law firm has a disqualifying conflict of interest (as his motion states, "appointed counsel's law firm, Hinshaw & Culbertson LLP, does not currently represent the Lake County Sheriff's Office") -- instead Lupo asserts:

5. While appointed counsel's law firm, Hinshaw & Culbertson LLP, does not represent the Lake County Sheriff's Office, it does represent numerous Sheriffs' offices, individual Sheriffs and their employees, and numerous other law enforcement agencies throughout the State of Illinois and elsewhere in similar matters.

6. Thomas D. Lupo and the Hinshaw & Culbertson LLP law firm are in good faith and from experience concerned that the representation will necessarily require taking of legal positions contrary to those otherwise frequently taken by Hinshaw & Culbertson LLP in its representation [sic -- the word "of" was inadvertently omitted by Lupo here] law enforcement clients.

That position ignores the responsibility of lawyers to advance the interests of their clients to the best of their professional ability, which in this instance means calling into play the relevant

caselaw under Section 1983.[1]  Accordingly Lupo must in the first instance determine what authorities support his position as to handling Wiggins' claim in this case, unless of course the situation is one calling for Lupo's filing of the civil equivalent of an <u>Anders</u> brief.  And that means Lupo must confer with his client, Wiggins, sufficiently to evaluate Wiggins' claim on the merits.  Hence this Court reserves judgment on Lupo's motion to withdraw pending his exposition of the matter in the terms called for here.

 

_____
                Milton I. Shadur
                Senior United States District Judge

Date:  July 21, 2017

---

[1] Indeed, lawyers who customarily represent clients who occupy one side of frequent legal disputes -- say employers or labor unions -- often find that such representation equips those lawyers with insights that make them better able to provide knowledgeable and more effective representation to clients on the other side of the fence.